# Coburn *v.* Philadelphia, Wilmington & Baltimore Railroad Company.

*Negligence—Contributory negligence—Alighting from car—Railroads.*

In an action against a railroad to recover damages for personal injuries sustained while plaintiff was alighting from a car, the case is for the jury, and a verdict and judgment for the defendant will be sustained where the evidence for the plaintiff tends to show that as the train, on which plaintiff was a passenger, was slowing down on approaching a station, plaintiff went onto the platform and started down the steps holding the hand rails, and when he reached the third step it either broke under his weight, or was not in position, so that he fell under the wheels and was injured, and the evidence for the defendant, if believed, established that the step was in position and in good condition, and that the plaintiff fell while endeavoring to hurriedly alight from the train before it came to a full stop.

Argued Jan. 21, 1901. Appeal, No. 63, Jan. T., 1900, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1893, No. 453, on verdict for defendant, in case of Walter G. Coburn v. Philadelphia, Wilmington & Baltimore Railroad Company. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Brégy, J.

At the trial it appeared that the plaintiff, Walter G. Coburn, was on August 23, 1893, a passenger on a train of defendant, and that as the train approached Ridgely where the plaintiff intended to alight, he went out on the platform of the car on which he was riding, and while the train was slowing down he descended the steps holding the hand rail, and when he reached the third step, it either broke under his weight or was not in position, so that he fell under the wheels of the car and was injured. Defendant's evidence tended to show that the step was in position and in good condition, and that the plaintiff fell as the result of hurriedly endeavoring to alight from the train before it stopped.

Plaintiff's points were as follows:

1. That the action of the plaintiff in coming down the steps of the car with his hand on one or both of the side rails thereof

and while the car itself was slowing up and in the very act of stopping, was not such contributory negligence on his part as would preclude a recovery. *Answer:* The plaintiff's first point is declined. [1]

6. It is not negligence in law to stand on the steps holding the rail. *Answer:* The sixth and seventh points I decline. [2]

7. The mere fact of injury to a passenger raises the presumption of want of care on the part of the carrier. *Answer:* The sixth and seventh points I decline. [3]

The court charged in part as follows:

[I want to qualify that by saying, if you believe that step was not there at all, that there was no third step; that this was a car running with two steps, where there ought to have been three; that the third step was gone, and if this man had looked would have seen it was gone, and that if he stepped down without looking to see, he cannot recover, because he is guilty of contributory negligence. A man cannot shut his eyes and walk downstairs and if he falls say, I thought there was a step there and there was not, but as the place he walks in becomes more dangerous, he must become more careful and look out for the safety of himself and other people.] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*Henry C. Terry*, for appellant.

*Edwin Jaquett Sellers*, with him *David W. Sellers*, for appellee.

PER CURIAM, February 18, 1901:

This case was submitted to the jury in an adequate and impartial charge. It was a charge which presented to the consideration of the jury every possible phase of the case which assisted them in the ascertainment of the facts disclosed by the testimony. It was a case in which they undoubtedly sympathized with the plaintiff, but in which they were constrained by the evidence to render a verdict against him. As nothing appears in the evidence which would justify a reversal of the

verdict, it remains to be seen whether the court erred in any material respect in its instructions in the general charge, or in its answers to the plaintiff's first, sixth and seventh points. We find nothing in either of the matters referred to which requires or calls for a new trial. All the specifications of error are accordingly dismissed.

. Judgment affirmed.